# Hand Lumber Co., *v.* Hall,

*Assumpsit.*

(Decided May 10, 1906. 41 So. Rep. 78.)

1. *Accord and Satisfaction; Part Payment; Acceptance.*—Where a claim is unliquidated, or the amount thereof is in dispute, an acceptance by the party holding the claim of a less amount than that claimed is an accord and satisfaction of the entire claim.
2. *Release; Contract Debt.*—Release of a simple contract debt need not be in writing, but may be by parol.

36

[Hand Lumber Co. v. Hall.]

3. *Accord and Satisfaction; Unliquidated demands; Evidence; Sufficiency.*—Testimony examined and held to uphold a finding that the claim of an attorney for services was unliquidated and the amount claimed in dispute, so that an acceptance of a less sum than the amount claimed operated as an accord and satisfaction.

APPEAL from Baldwin Circuit Court.

Heard before Hon. WILLIAM S. ANDERSON.

Action by Leslie Hall against the Hand Lumber Company. From a judgment for plaintiff, defendant appeals. This was an action begun by appellee to recover an attorney's fee. Nearly all the facts necessary to an understanding of the case are set out in the opinion. The check and voucher referred to in the opinion are in words and figures as follows: "To cover voucher 478. Bay Minette, Ala.; May 30, 1902. Baldwin County Bank, pay to the order of Leslie Hall $30.00, thirty and no one hundred dollars. J. D. Hand." Indorsed on back of the check: "Leslie Hall." And a voucher in words and figures as follows: Voucher No. 478. Doline, Ala., May 30, 1903. Hand Lumber Co., Doline, Ala., to Leslie Hall Dr., Requisition No. ——. Bay Minette, Ala., In full of all services rendered to any or all of the following companies, viz.: Hand Lumber Company, Tug Lady Jane, Hand Export Company. Paid by check No. 76. Authorized: J. D. Hand. Approved: ——. Attested correct: G. J. S., Auditor. Received ——, 190—, of Hand Lumber Co., 30 and no one hundred dollars in full of the above amount. Please date, sign, and return at once." The plaintiff testified that he received this check actually attached to the voucher. "I collected the check, and kept the voucher, and did not sign and return it. The indorsement on the check is in my handwriting." It was shown, further, that the check had been previously forwarded to the plaintiff with the voucher attached, which the plaintiff returned, declining to accept it as payment. Afterwards the check and voucher above set out were sent in place of the check and voucher returned.

[Hand Lumber Co. v. Hall.]

STEVENS & LYONS, for appellant.—Where a claim is unliquidated or in dispute the acceptance of a part of the claim under an agreement that the same shall be in full satisfaction of the entire claim is a satisfaction of the claim. The concession made by one is a good consideration for the concession made by the other.—*Hinson v. Todd*, 95 Ala. 329; *Baird v. U. S.*, 6 Otto, 430. *United States v. Childs*, 12 Wall. 232; *McCall v. Knaven*, 52 Miss. 494; 1 Cyc. 329, et seq.,; 1 A. & E. Ency. of Law, (2nd Ed.) 419, et seq.,; 6 Wait Act and Def. 410 M.

MITCHELL & TONSMIRE and GREGORY L. and H. T. SMITH, for appelees.—Before the enactment of the statute set out as Sec. 1805 of the Code of 1896, an agreement in writing or by parol to release a debt was void for want of consideration.—*Crass v. Scruggs*, 115 Ala. 258; *M. J. & K. C. R. R. Co. v. Owens*, 121 Ala. 512. It was also the law, prior to such statute, that an agreement upon payment of a part of a debt to release the balance or to forbear suit for the residue, would not be recognized as binding.—*Barron v. Vandvert*, 13 Ala. 238; *Pearson v. Thompson*, 15 Ala. 702; *Cowan v. Sapp*, 74 Ala. 50. The effect of the statute is to give effect to written receipts and releases according to the intention of the parties.—Code 1896, Sec. 1805; *Cowan v. Sapp*, 74 Ala. 508; *Cleere v. Cleere*, 82 Ala. 581; *Eufaula Nat. Bank v. Passmore*, 102 Ala. 370. The doctrine that a compromise of a doubtful claim or of a pending suit, or of a controversy when no suit has been instituted is binding, is not applicable to the facts of this case. As similar to the case at bar we call the court's attention to *Hodges v. Tenn. Implement Co.*, 123 Ala. 572.

WEAKLEY, C. J.—"The rule that the payment of a less sum than the real debt will be no satisfaction of a larger sum without a release by deed applies only to conceded or undisputed demands. Where the claims are in dispute the compromise and part payment thereof are sufficient consideration to support the discharge."— 24 Am. & Eng. Ency. Law (2d Ed.) p. 288. The cases

of *Barron v. Vandvert*, 13 Ala. 232, *Pearson v. Thompson*, 15 Ala. 700, 50 Am. Dec. 159, and *Hodges v. Tenn. Implement Co.*, 123 Ala. 573, 26 South. 490, each involved an indebtedness by note, and in those cases there was no dispute as to the existence of the indebtedness as evidenced by the written obligations. In each of them the holding was that on part payment of the debt, without surrender of the note, the agreement by the creditor to accept in discharge of the debt a less sum in money than the debtor owed was a nude pact, constituting no bar to a recovery of the balance. Those cases, therefore, do not at all conflict with the settled rule above announced, and which has also been thus stated: "When a claim is unliquidated or in dispute, payment and acceptance of a less sum than claimed in satisfaction operates as an accord and satisfaction, as the rule that the receiving of a part of the debt due, under an agreement that the same shall be in full satisfaction, is no bar to an action to recover the balance, does not apply when the plaintiff's claim is disputed or unliquidated. In such case the concession made by one is a good consideration for the concession made by the other. The fact that the creditor was not legally bound to make any abatement of his claim, or that the amount accepted was much less than the creditor was entitled to receive and would have recovered, had he brought action, does not in any way affect the rule."—1 Cyc. 229.

It is quite true that section 1805 of the Code of 1896, declaring the effect of written releases, receipts, and discharges, has no application to this case, because the plaintiff gave no writing of the kind mentioned in that section. A release, however, at least of a simple contract debt, need not be in writing, and no set form of words is necessary. It may be by parol, may be express or implied or may result by operation of law.—24 Am. & Eng. Ency. Law (2d Ed.) 284. The dictum in *Hart v. Freeman*, 42 Ala. 567, that the Code section corresponding with section 1805 of the Code of 1896, requires settlements for the composition of debts to be in writing, was declared in *Singleton v. Thomas*, 73 Ala. 205, to be erroneous as a general proposition, although correct in the

particular case wherein it was uttered. The questions for consideration in this case, therefore, are, first, whether the claims of the plaintiff beyond the sum paid him were conceded, or whether they were disputed or unliquidated; and, second, whether, if the latter, they were discharged by what was written and done between the parties, taken in connection with the collection by the plaintiff of the check, under the circumstances shown by the undisputed evidence.

The appellee contends that "the evidence does not show, nor tend to show, the claim of the plaintiff against defendant for services sued for in this case was ever disputed, nor that the plaintiff's claims against J. D. Hand, or Hand Export Company, or the Baldwin County Bank were ever denied," while the appellant contends just the contrary. The evidence must therefore be examined to settle this question of fact, controverted between counsel. The plaintiff's suit was first brought for $100, and then amended so as to claim $250, and was upon the common counts. He testified to having been employed by defendant to render legal services in three cases, but had no contract as to the amount to be paid in any of the cases, and he offered evidence of attorneys as to what was a reasonable fee in each case. He claimed, prior to collecting the check, to which we refer more fully later on, that he should be paid $30 in the "Lady Jane Tug Case," for which item he had presented a bill at one time for $22.50, and when the check was received there was a suit pending by the plaintiff to recover the sum of $30 for said fee. The plaintiff testified that he had a yearly retainer from Mr. Hand of $50 for what we may designate generally as certain small legal services, not including the services for which this suit is brought. Mr. Hand, however, testified that he had an arrangement or contract with the plaintiff whereby he was to pay him $50 per year for whatever services he might call upon him to render for himself or his companies; and that he employed plaintiff to do whatever he was called on to do for any of the companies the witness was interested in, which were the Hand Export Company, the Hand Lumber Company, the Hand Land Company, and the

Baldwin County Bank. It was conceded that the retainer of $50 for the year, whatever it included, had been paid. Hand further testified that on one occasion the plaintiff told him that the cases in Baldwin county were covered by the fee, meaning the retainer, while the witness said he told plaintiff he understood the retainer to also cover the "Lady Jane tug fee." Plaintiff, according to the testimony of the witness, replied that he thought otherwise, whereupon Hand said, according to his testimony, that he would see if the captain of the tug would pay that bill. This review of the evidence has disclosed, we think, a controversy as to the amount of one item, and, further, there was serious controversy as to whether the services were not all included in the retainer, which had been paid. Nor was any item of the account liquidated.

The question of law then arises whether the receipt and collection of the check, under the circumstances shown, settled plaintiff's claim in full. A plea of release is in the record, and appellee concedes it was sufficient as a pleading to present the defense on which appellant relies. The check and voucher as first sent the plaintiff were declined, and plaintiff would not receive the check in full of the services, as stated in the face of the check and voucher. Plaintiff proposed, however, that if defendant would erase from the check the words "in full of all accounts," and return the check he would accept it as payment for his fee in the tug case. Hand did not do as plaintiff proposed, but prepared another check and voucher, under the same number, the voucher being attached to the check, and the latter on its face stating it was to cover voucher 478; that being the number of the voucher attached. From this voucher it appeared the check was given "in full of all services rendered to any or all of the following companies, namely: Hand Lumber Company, Tug Lady Jane, Hand Export Company." The plaintiff detached the voucher, collected the check, and thereupon sued the Hand Lumber Company in this action.

We cannot construe the correspondence and action of the parties otherwise than as constituting a proposal

to the plaintiff to pay the amount of the check in full settlement of all claims mentioned in the voucher, and as the acceptance of the proposal by the plaintiff, thereby releasing the defendant from further liability; and the plaintiff will not be heard to say he accepted it only in payment of his fee in the tug case. The plaintiff must have known the tender was made on condition, and, having accepted and collected the check was bound by the condition.—1 Cyc. 333 "While a mere tender, though of the whole amount due, when unaccepted, does not operate to extinguish or satisfy the claim, yet when made in full of the amount due and accepted, without protest as to its sufficiency, the debt becomes extinguished. The creditor may reject a tender on condition that he receive it in full of his claim; but, if he accept it, he is bound by the condition, and will not be allowed to keep the money and repudiate the conditions."—*Hanson v. Todd*, 95 Ala. 328, 10 South. 354. The plaintiff, no doubt, in the course he pursued, supposed he was safe in doing so, because a somewhat similar action was held in *Hodges v. Tenn. Implement Co.*, 123 Ala. 573, 26 South. 490, not to constitute full satisfaction of the debt; but that case involved an undisputed indebtedness and is distinguishable from this.

The defendant was entitled to the general affirmative charge, and for the refusal to give it, as requested in writing, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

TYSON, SIMPSON, and ANDERSON, JJ., concur.