[Smith Bros. & Co. v. Miller.]

# Smith Bros. & Co. *v.* Miller.

*Assumpsit.*

(Decided June 13, 1907. 44 South. 399.)

1. *Evidence; Receipt; Third Person.*—It was proper to admit the receipt for the cotton given by the wife of one of the plaintiffs to the defendant, where the evidence tended to show that the cotton for which credit was claimed was delivered by the defendant to the wife of one of the plaintiffs at their home and that the cotton was received by the plaintiff.

2. *Frauds; Statute of; Promise to Answer for the Debt, Default, etc., of Another.*—Where the credit was extended to one person alone, his promise to pay therefor was original, and not within the statute of frauds, although the goods were sold and delivered to a third person.

3. *Same; Discharge of Original Debt.*—Although the goods were sold to third persons on their credit, yet, if such third person was thereafter released from liability on account thereof on the promise of another to pay therefor, a new debt was created against the promissor, and it is not within the statute of frauds.

4. *Accord and Satisfaction.*—Where the creditor agreed to accept and the debtor agreed to pay a certain sum in full settlement of a disputed account between them, and such sum was paid and accepted, the defendant is not further liable, though in fact, there was more due than the amount paid.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Smtih Bros. & Co. against J. M. Miller. Judgment for defendant. Plaintiffs appeal. Reversed and remanded.

This is an action of debt begun by appellants against appellee. The pleas were the general issue, payment, accord and satisfaction, and set-off. The facts are sufficiently stated in the opinion of the court. The person mentioned as Miller, on the question as to whether the goods were sold to Miller and Aldredge, was not the defendant, but a brother of his. The testimony tended to

[Smith Bros. & Co. v. Miller.]

show, on one aspect of the case, that before the suit was brought the defendant agreed to pay and plainiffs agreed to accept $20 in full of all demand due by defendant to plaintiffs, and that the plaintiffs did accept said sum and the defendant did pay it. On this aspect of the case the court charged the jury that if in fact there was more than $20 due, yet if plaintiffs agreed to accept and defendant agreed to pay $20 in full settlement of an account disputed between them, and if in pursuance of such agreement the $20 was paid and accepted, the jury should find for the defendant. The bill of exceptions showed the following: "For the giving of this charge the plaintiffs then and there duly excepted, because there was no plea of accord and satisfaction by the payment of money, and because the charge was not the law." This is the oral charge referred to in the opinion and the exception stated to be without merit. There was judgment for defendant, and plaintiffs appeal.

STREET & ISBEL, for appellant. The receipt given by the wife of one of the plaintiffs was res inter alios acta, and inadmissible.—*Bell v. Pharr,* 7 Ala. 807; *Ellison v. Albright,* 29 L. R. A. 737; 28 A. & E. Ency. of Law, 981; 17 Cyc. 494-5. The court erred in submitting to the jury the question of the statute of frauds as to the account in the absence of a plea raising such an issue.—*Shakespere v. Alba,* 76 Ala. 351; *Espalla v. Wilson,* 86 Ala. 487; *Railroad Co. v. Farmer,* 97 Ala. 142. The account was not within the statute of frauds. The landlord requested and the tenant consented for a third person to make the advances.—*Gerson v. Norman,* 111 Ala. 433; *Clanton v. Eaton,* 92 Ala. 612; *Bell v. Hearst,* 75 Ala. 44.

[Smith Bros. & Co. v. Miller.]

JOHN A. LUSK, for appellee. There being evidence tending to show the receipt of the cotton by the plaintiffs, the receipt given by the wife of one of the plaintiffs, was admissible in connection therewith, on a question of whether or not plaintiff received the cotton. If defendant agreed to pay a sum certain and plaintiff agreed to accept such sum in payment of the disputed account, and such sum was paid and accepted, the account was settled.—*Westford v. Walker*, 47 Ala. 492.

TYSON, C. J.—This action was brought to recover $78.80 due by account, resulting in a judgment for defendant. Defendant claimed credit for a bale of cotton which the testimony tends to show was delivered by him to the wife of one of the plaintiffs at their home; and it also tended to show that this bale was received by the plaintiffs. Against plaintiff's objection the receipt given by the wife for the cotton was admitted in evidence. There was no error in this ruling.

Among the items in the account sued on were two for goods sold and delivered to one Aldredge and one Miller. Some of the testimony tended to show that the credit for these goods was extended to defendant alone. Other testimony tended to show that the credit was given to Aldredge and Miller, and that defendant agreed to see it paid. Again, other testimony tended to show that, while the credit for the goods was given to Aldredge and Miller, the plaintiffs by agreement with appellant released Aldredge and Miller from their liability, upon the consideration of his (defendant's) promise to pay for the goods. On this aspect of the case the court charged the jury that "if the goods were sold to Aldredge and Miller, and if credit was extended to them, then there could be no recovery therefor against defendant, unless he agreed in writing to see it paid." To

this the plaintiffs excepted. The exception was well taken. If the credit was given defendant, notwithstanding the goods were delivered to Aldredge and Miller, his promise or undertaking to pay for them was original, and not within the statute of frauds, and was not required to be in writing.—*Pake v. Wilson,* 127 Ala| 242, 28 South. 665, and cases there cited.

Again, if Aldredge and Miller were entirely released or discharged, and the obligation or promise of defendant was substituted for theirs, the statute of frauds has no application. The new debt thus created is binding on the substituted promisor, the defendant. "It is his own debt, and can no longer be said to be the debt of another."—*Thornton v. Guice,* 73 Ala. 321, and cases there cited; *Carlisle v. Campbell,* 76 Ala. 246.

There is clearly no merit in the next exception, taken to the oral charge of the court.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

HARALSON, DOWDELL, and DENSON, JJ., concur.