(108 So. 567)

**BRENT v. WHITTINGTON.** (6 Div. 626.)

(Supreme Court of Alabama. April 15, 1926. Rehearing Denied May 20, 1926.)

1. **Accord and satisfaction** ⬥ 11(3)—**Compromise and settlement** ⬥ 5(2)—**Set-off and counterclaim** ⬥ 35(1)—**One of two real estate men occupying same office held unauthorized to set off disputed claim for office rent and expenses against the other's admitted claim for agreed share of commission for sale of land which had been listed with former, and so claim accord and satisfaction by check indorsed, "Settlement in full," cashed by payee under protest.**

One of two real estate men occupying same office *held* unauthorized to set off disputed claim for office rent and expenses against the other's admitted claim for agreed share of commission for sale of land which had been listed with former, and so claim accord and satisfaction by check indorsed, "Settlement in full," cashed by payee under protest.

2. **Appeal and error** ⬥ 1029—**Where plaintiff was entitled to have issue of accord and satisfaction determined in his favor as matter of law, but it was submitted to jury, defendant could suffer no injury by any adverse ruling in relation thereto.**

Where plaintiff was entitled to have issue of accord and satisfaction determined in his favor as matter of law, but it was submitted to jury, defendant could suffer no injury by any adverse ruling in relation thereto.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action by E. M. Whittington against T. E. Brent. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Wood & Hawkins and David J. Davis, all of Birmingham, for appellant.

Defendant's check could only have been accepted by plaintiff in full satisfaction of his claim, and his acceptance and retention constituted an accord and satisfaction. 1 C. J. 561; Hand Lbr. Co. v. Hall, 147 Ala. 561, 41 So. 78; Redmond v. Atlanta, etc., R. Co., 129 Ga. 133, 58 S. E. 874; Brackin v. Owens H. & M. Co., 195 Ala. 579, 71 So. 97; Hanson v. Todd, 95 Ala. 328, 10 So. 354. Where a debtor claims that disputed charges are to be deducted from a certain sum of money before making a division with the creditor, the amount due the creditor by the debtor is disputed, so as to permit of an accord and satisfaction. 1 C. J. 554; Goodrich v. Sanderson, 35 App. Div. 546, 55 N. Y. S. 881; Tanner v. Merrill, 108 Mich. 58, 65 N. W. 664, 31 L. R. A. 171, 62 Am. St. Rep. 687. Where the facts in respect to an accord and satisfaction are not in dispute, or have been ascertained, their effect is a question of law for the court. Hand Lbr. Co. v. Hall, supra; 1 C. J. 583. A new trial should be granted where the verdict is plainly against the weight of the evidence. 29 Cyc. 822; Mooneyham v. Herring, 204 Ala. 332, 85 So. 390; Life & Cas. Co. v. Street, 213 Ala. 588, 105 So. 672.

W. S. Pritchard, Clark Williams, and J. D. Higgins, all of Birmingham, for appellee.

Receipts, releases, etc., must be given effect according to the intention of the parties. Code 1923, § 7669; Hodges v. Tenn. Imp. Co., 123 Ala. 572, 26 So. 490. The question as to an accord and satisfaction was for the jury. Worthington v. Cleveland Lbr. Co., 17 Ala. App. 613, 88 So. 156. Payment of an amount less than the debtor's liability is not a valid accord and satisfaction, unless there is a bona fide dispute as to liability or amount.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ex parte Sou. Cotton Oil Co., 207 Ala. 704, 93 So. 662; 1 C. J. 554. One disputed claim cannot be used as the basis for the satisfaction of another wholly independent claim between the parties. Ex parte Sou. Cotton Oil Co., supra.

GARDNER, J. Suit on account by appellee against appellant. There was a verdict and judgment for plaintiff in the sum of $400, from which defendant prosecutes this appeal.

During the year 1923 plaintiff and defendant were each engaged in the real estate business, specializing in the sale of timber lands. They occupied the same office, and agreed that in the event either made a sale of properties listed with the other, the commissions should be equally divided. As a result of this agreement, there were three sales in which the parties became jointly interested, each constituting separate transactions and separate accounts. Plaintiff insists there had been only partial payments on each of these transactions, and that he was due under what is called the "Brown Lawley sale," $442; under the "Moore Brewer sale," $25; and the McKay sale, balance of $273.80. Upon the margin of the checks received by plaintiff on the two transactions first above named appeared the words, "Settled in full," for these commissions; but plaintiff insists these words were added thereto after being cashed, and were not on the checks when received by him. This was a disputed issue of fact submitted to the jury's determination.

The McKay transaction involved a commission of $4,500. The check therefor was payable to plaintiff and defendant jointly, but was cashed by defendant and placed to his account. That plaintiff was equally interested and entitled to one-half thereof was without dispute. Defendant's check for the sum of $1,900.20 was handed to plaintiff, together with a statement showing plaintiff's one-half interest in this commission as $2,250, but the sum was reduced to the amount of the check by items of set-off therein detailed. The major portion of the charges against plaintiff constituted office rent and expenses, liability for which plaintiff denies, and insists that he was not to assume any such expenses, but performed stenographic work for defendant in lieu thereof. The question of these charges therefore presented a disputed issue of fact. On the margin of this check for $1,900.20 were the words, "Settlement in full of all demands to date." Plaintiff cashed the check, but immediately protested that it was not in full settlement, and proceeded to attempt a collection of the balance claimed as due.

Defendant insists that the account was a disputed one, and that the acceptance of the check with the indorsement thereon constitut-

ed an accord and satisfaction, and that nothing was due, citing, among other authorities, Hand Lumber Co. v. Hall, 147 Ala. 561, 41 So. 78; Brackin v. Owens Horse & Mule Co., 195 Ala. 579, 71 So. 97; Hanson v. Todd, 95 Ala. 328, 10 So. 354; 1 Corpus Juris, 561–563.

[1] The only questions here assigned and argued relate to that of accord and satisfaction, as above outlined, which was left for the jury's determination. A separate consideration of these assignments of error is not necessary, in view of our conclusion that the plaintiff was entitled to the affirmative instruction in his favor as to this issue under the undisputed proof. The disputed items of set-off were separate and distinct from the McKay commission claim of plaintiff, and defendant could not, without plaintiff's consent, apply such counterclaim or cross-demand to the admitted indebtedness due plaintiff, and thereby reduce the amount of plaintiff's demand or create a dispute in respect to the amount due thereon. Such was the express holding of this court in Dreyfus Bros. v. Corn Products Co., 204 Ala. 593, 86 So. 386, wherein the cases of Hand Lumber Co. v. Hall, supra, and Brackin v. Owens Horse & Mule Co., supra, are cited and distinguished.

In Ex parte Southern Cotton Oil Co., 207 Ala. 704, 93 So. 662, this court commenting upon the rule as to offset in relation to the doctrine of accord and satisfaction, as stated in 1 Corpus Juris, 556, said:

"This rule, however, is subject to the qualification that an accord and satisfaction of one disputed claim cannot be used as a basis for the satisfaction of another wholly independent claim between the same parties, as to which there is no dispute, the consideration for the first accord and satisfaction not being sufficient to support the second. * * * The rule first stated is we think, on principle and on authority, applicable only in those cases where the offset arises out of the transaction upon which the primary obligation was based, and which ipso facto operates as an abatement or reduction of the amount recoverable therein—such an offset, in short, as is properly a matter for recoupment."

[2] The matter of offset here involved is separate and distinct and did not arise out of the claim for commission in the McKay transaction. These authorities are therefore conclusive under the undisputed proof in this case, to the effect that plaintiff was entitled to have the issue of accord and satisfaction determined in his favor by the court as a matter of law, and, manifestly (the issue having been submitted to the jury), defendant could suffer no injury by any adverse ruling in relation thereto.

Let the judgment be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.