(129 So. 58)

## TOM HUSTON PEANUT CO. v. BLACK.
### 3 Div. 927.

Supreme Court of Alabama.

June 14, 1930.

Sternfeld & Lobman, of Montgomery, for appellant.

T. E. Martin and John B. Scott, both of Montgomery, for appellee.

GARDNER, J.

The result of the cause turns upon the question of accord and satisfaction.

Complainant and one Johnson, cashier and bookkeeper for defendant, met in Montgomery and went over the accounts, drafts, and checks, spending some time over the dispute between them as to the amount due defendant. At the conclusion of these conferences, complainant delivered Johnson a check for $569.69, payable to defendant Tom Huston Peanut Company, on the margin of which were the words, "For account in full to date June 1, 1928," and Johnson delivered to complainant a receipt for said sum "for account in full to date," signing "Tom Huston Peanut Co., by T. J. Johnson, Cashier."

■ Defendant insists, in the first place, that the dispute was not in good faith, but merely for the purpose of exacting inequitable terms. To operate as an accord and satisfaction, the dispute must have been in good faith. Ex parte Southern Cotton Oil Co., 207 Ala. 704, 93 So. 662, 666; McCoy v. Wynn, 215 Ala. 172, 110 So. 129; Hand Lumber Co. v. Hall, 147 Ala. 561, 41 So. 78; Brent v. Whittington, 214 Ala. 613, 108 So. 567; Smith Bros. & Co. v. Miller, 152 Ala. 485, 44 So. 399.

■ The evidence taken orally before the chancellor amply sustains his conclusion that the dispute was bona fide. The fact that Johnson was the defendant's duly accredited agent in this transaction was not controverted, but it is urged that a compromise or settlement of the debt for a sum less than that due was beyond his authority, citing the general rule that an agent with authority to collect is not authorized to compromise the claim or release the debtor except upon payment of the full amount. Scales & Co. v. Mount & Co., 93 Ala. 82, 9 So. 513.

■■ We are persuaded, however, the evidence was sufficient to justify a reasonable inference that Johnson acted with authority. During the conference, or just immediately before, he was in communication with the home office of defendant at Columbus, Ga., and we think it clear the office manager knew something of the dispute. He had with him copies of the ledger sheets, and finally carried back to defendant complainant's check disclosing that it was in full payment of the account, which was retained and proceeds thereof deposited to defendant's credit. There may be some confusion from the proof as to whether or not any statement of a balance due was ever mailed to complainant after the date of the receipt in June, 1928, until the following September, when complainant found a purchaser for his agency, but, in any event, it is very clear that goods continued to be shipped to complainant on a cash basis in the meantime, and no pressing demand made as to any balance due. Johnson continued in defendant's employ, and is now one of the officers of defendant company. The evidence justifies the inference that Johnson's acts in the premises were known to, and acquiesced in by, the defendant, which facts are to be given due weight upon the question of his authority. Birmingham News Co. v. Birmingham Printing Co., 209 Ala. 403, 96 So. 337; Talladega Ins. Co. v. Peacock, 67 Ala. 253.

■ The facts above outlined suffice also as tending to show a ratification by defendant of the agent's conduct, although not previously authorized. Birmingham News Co. v. Birmingham Printing Co., supra; Birmingham News Co. v. Birmingham Printing Co., 213 Ala. 256, 104 So. 506, 2 Corpus Juris, 488, 489.

■ Defendant argues the testimony of its representative as to what occurred at the hotel in Birmingham in September amounted to rescission of the accord and satisfaction by mutual consent, citing 1 Corpus Juris, 569. We need not stop to inquire into the question of law thus insisted upon. As to what was there said was a matter of sharp dispute in the proof. Much of the most material part of the evidence was taken orally before the court, and, when such is the case, his finding of facts will not be here disturbed, unless plainly and palpably wrong (Caples v. Young, 206 Ala. 282, 89 So. 460), which we are unwilling to hold.

This observation is likewise applicable to the contention of defendant that the receipt was given and check received with the express agreement that the matter was subject to correction, if error was discovered, which was sharply denied by complainant, who in-

378

sists that he was unwilling to pay anything unless a receipt in full was executed.

Speaking to the question of delivery and acceptance of checks marked in full payment, where there existed a bona fide dispute as to the amount due, this court in Ex parte Southern Cotton Oil Co., supra, said: "Such a statement, made in connection with a previous or current dispute between the parties as to the amount justly due, could have but one meaning, which was, we think, incapable of being misunderstood, viz. that the payment was offered in full satisfaction of the account, and on that condition only." The opinion then quotes with approval from the New York court (Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785) the following: "The tender and the condition could not be dissevered. The one could not be taken and the other rejected. The acceptance of the money involved the acceptance of the condition." And from the case of Hanson v. Todd, 95 Ala. 328, 10 So. 354, the following: "But if he accepts it, he is bound by the condition, and will not be allowed to keep the money and repudiate the condition. * * * A tender, if accepted, is accepted as made." See, also, Hand Lumber Co. v. Hall, supra; Arnold & Co. v. Gibson. 216 Ala. 314, 113 So. 25.

Under the finding of facts by the trial court and the principles of law applicable thereto, we are persuaded the decree is correct, and a judgment of affirmance will accordingly be here entered.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.