BARNES v. FIRST NATIONAL BANK OF ST. IGNACE.

1. Witnesses—Depositions—Matters Equally Within Knowledge of Deceased.
    In action against bank, use of deposition of plaintiff, taken after suit was commenced and used after her death, rendered competent testimony of defendant's assistant cashier (3 Comp. Laws 1929, § 14219).

2. Banks and Banking—Authority to Pay Money to Another—Question for Jury.
    Whether plaintiff gave written order for bank to pay money to her son, held, under evidence, question for jury.

3. Appeal and Error—Verdict of Jury Conclusive.
    Jury's verdict on question properly submitted to it is conclusive.

Appeal from Mackinac; Sprague (Victor D.), J. Submitted October 8, 1931. (Docket No. 60, Calendar No. 35,804.) Decided January 4, 1932.

Assumpsit by Gustava Ericks against First National Bank of St. Ignace for sums alleged to have been illegally paid from savings account. Upon

death of plaintiff, Leo R. Barnes, executor of her estate, was substituted as plaintiff. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*J. M. Harris,* for plaintiff.

*Prentiss M. Brown,* for defendant.

Potter, J. November 18, 1929, Gustava Ericks sued defendant to recover damages alleged to have been caused by defendant wrongfully paying out to plaintiff's son money deposited in the savings department of defendant belonging to plaintiff and deposited in her name. Gustava Ericks died during the pendency of the suit. Plaintiff is her executor. Plaintiff appeals from verdict and judgment for defendant. The deposition of Gustava Ericks was taken after suit commenced. It was used on the trial. This rendered competent the testimony of defendant's assistant cashier under 3 Comp. Laws 1929, § 14219.

The important question is whether there was testimony to carry the case to the jury. Plaintiff claimed defendant paid out the money in violation of law and its own rules. Defendant claimed it rightfully paid out the money to Oscar Ericks, son of Gustava Ericks, on her written order. Gustava Ericks testified she trusted her son, to whom the money was paid, and when she wanted money she was willing the bank should pay it to him. She signed and gave to her son a paper directing the bank to pay money to her son. When she subsequently wanted her son to get money for her from the bank and suggested she sign a slip, note, or something to the bank, Oscar, her son, told her it was not necessary, because the slip she had given the first time was there.

Defendant's assistant cashier testified he was positive he had an order signed by Gustava Ericks, authorizing Oscar to draw her money. He thought such order was still around the bank; he had searched for it, but could not find it. This was sufficient to carry the case to the jury. Its verdict is conclusive unless there was error in submitting the question in issue to it. We find none. Judgment affirmed, with costs.

CLARK, C. J., and MCDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.