139 So. 264

**WILSON v. MONETTE et al.**

**6 Div. 914.**

Supreme Court of Alabama.
Jan. 14, 1932.

Adams & Gillmore, of Grove Hill, for appellant.

**108**

Crampton Harris, of Birmingham, for appellees.

FOSTER, J.

Claiming that appellees are due appellant on account of the collection of money in litigation by appellees, as attorneys for him, appellant moved in the circuit court for a summary judgment by authority of section 10267, Code. The case in which the services were rendered is that reported in Prowell v. Wilson, 219 Ala. 646, 123 So. 38. There had already been litigation between the parties to that controversy, and an apparent agreement made between them when appellees were employed. The result after five and one-half years of litigation was the collection in cash of $21,639.50, and 1,090 acres of land, whose value was agreed to be $5 per acre, as the bases for the charges of the attorneys, so that the total recovery was $27,-089.50.

In negotiating the agreement between them as a basis of compensation, there was evidence that appellees offered appellant the choice of two contracts, one was a contingent of 50 per cent. of the recovery, and the other was $500 cash, and 33⅓ per cent. of the recovery. Appellant accepted the latter alternative, and an agreement in writing to that effect was duly made and executed by the parties. The agreement recited the payment of $500, but it was not paid, but a note given for its payment, and only $100 was ever paid on it, whereas appellees during the litigation advanced some $84 for stenographers' fees for taking testimony, etc. Repeated demand was made for its payment, and some sharp letters passed on account of such default. On December 8, 1924, appellant wrote appellees, "If I fail absolutely to get up your fees as per note and agreement I am willing to say take fifty-fifty." But later, on October 22, 1925, appellant executed a mortgage to secure the amount; but appellees offered evidence to show that, after such letter was written, appellant went to their office and agreed to increase the contingent fee to 50 per cent., and also, to pay the cash fee as agreed on. Appellant denied this.

During the progress of the trial, appellant employed other counsel to assist appellees, but their fee was not to be chargeable to appellees. The failure to pay the cash fee was a source of constant controversy and irritation between them, and, though the mortgage was given, it was not paid before the parties made their final settlement. When the litigation ended and appellees collected the cash, they called a meeting with appellant and his other counsel for a settlement. This was held in Mobile, and no others were present. There is no conflict in the evidence but that appellant and Taylor, one of appellees and the other counsel, agreed upon a settlement, by which, with the consent of appellant, appellees reserved in full of their fee the definite sum of $12,500, which was less than 50 per cent. of the recovery, but more than 33⅓, plus the cash fee agreed upon. At that time appellant's other counsel contended that appellees should only have the amount provided for in the contract, and appellee Taylor contended that the amount claimed by such other counsel was more than was reasonably due them. But appellant accepted the claims of each as to the amount of

their respective fees, and received a check for the difference without complaint as to the amount of the charge by appellees. The party dispersed, all apparently satisfied. Some two weeks later, appellant, in the office of such other counsel, wrote to appellees demanding the difference between that retained and the amount specified in the written contract. Appellees then asked for and procured a conference with appellant at their office in Birmingham at their expense, and testified to facts that indicated that appellant left satisfied. But later this motion was made, and it involves the difference to which we have referred. It was tried by the judge without a jury, and on evidence given before him ore tenus, and his conclusions from it are as the verdict of a jury.

■ But there are certain legal questions relied on by appellant, which he insists support his claim, though the conflicts in the evidence should be decided in favor of the contentions of appellees. They claim that any alleged change in the contract for appellees' fee was made during the pendency of the litigation, after confidential relations came into being, and that it was not shown affirmatively that there was perfect freedom of contract by appellant, the client, and that he acted "voluntarily, deliberately and advisedly, knowing its nature and effect, and that no concealment or undue means were used to secure his consent to what was done." The rule of law insisted upon in this respect is well supported. Scott v. Hardyman, 218 Ala. 515, 119 So. 224; Kidd v. Williams. 132 Ala. 140, 31 So. 458, 56 L. R. A. 879; Dickinson v. Bradford, 59 Ala. 581, 31 Am. Rep. 23.

The claim is also made that such new contract was without consideration to the extent of any change made to the prejudice of the client, and therefore that it is without legal effect, citing Moore v. Williamson, 213 Ala. 274, 104 So. 645, 42 A. L. R. 981, and other authorities.

■ But our view of the case does not require us to determine whether such new arrangement was subject to either of those principles so as to avoid it. There is substantial evidence that such new terms were agreed upon, and the court doubtless found such to be the fact. It is evident also that appellees at the outset were undertaking a service whose outcome was regarded by all as uncertain, but that appellees were willing to accept it either upon a wholly contingent fee of 50 per cent. or of a fee of $500 cash and 33⅓ contingent. While appellant accepted the latter, and such was the agreement, it is evident that they were all impressed with the fact that 50 per cent. wholly contingent was not unfair to the client. As the case progressed during the five and one-half years, it became more certain that,

notwithstanding the agreement, its effect would be all contingent. In fact, so little was paid that it so resulted in effect. In the meantime came the proposal by appellant to pay a 50 per cent. fee if he did not raise the cash agreed on, and, finally, an agreement to pay that amount in addition to the $500 cash, though the cash fee was not claimed on the settlement, neither was the 50 per cent. in full. Those circumstances seem to us to be pertinent in determining the effect of the agreement of settlement. Such agreement was "when the business was over and the client, being sui juris, and fully informed as to the business transacted, and was on equal terms and dealing at arm's length with the attorney," and therefore, in the further language of this court, "We are not aware of any principle on which such settlement can be properly set aside by the client, on the ground that he did not have competent and independent advice in making such settlement." Kidd v. Williams, supra.

■ We observe also that on this occasion appellant did have the independent advice of his other counsel, and they advised him not to accept it. But there was no sort of unfairness, misrepresentation, influence of any nature exerted to induce appellant to accept the settlement. In the language of the authorities: "Such a settlement [made at a time after the service is complete] could be set aside alone on the ground that there had been 'some intermixture of deceit, imposition, overreaching, unconscionable advantage, or other mark of direct and positive fraud.'" Kidd v. Williams, supra.

Appellant was also making a settlement with his other counsel, and yielded to their demand contrary to the advice of appellee Taylor. He evidently acted upon his own judgment, and was perfectly free to do so.

■ So that the question then only remains whether the settlement was an effective accord and satisfaction. Sections 5640, 5642, 7670, Code. To be effective as such, there must be either a bona fide dispute as to the liability or its amount or it must be unliquidated, or the claim be not a moneyed demand. 1 Corpus Juris, 554, 555; 1 R. C. L. 194; Hand Lumber Co. v. Hall, 147 Ala. 561, 41 So. 78; Arnold & Co. v. Gibson, 216 Ala. 314, 113 So. 25.

■ A liquidated demand in this connection is said to exist when "the amount due has been ascertained and agreed upon by the parties or is fixed by operation of law." 1 Corpus Juris, 555; Hand Lumber Co. v. Hall, supra. Here an interest in land recovered was involved in the fee claimed.

■ Upon the occasion of the distribution of the money, in Mobile, appellee Taylor advised appellant that, after much thought, he had decided not to insist upon 50 per cent.,

as he claims appellant had agreed to pay him, but was willing to accept less and a certain definite sum. Appellant made no objection to this. His acceptance of the check under such circumstances, without objection, was an accord and satisfaction. Hand Lumber Co. v. Hall, supra. The situation was not where there was no bona fide contention made that appellees were not due to receive more than that named in the contract. They did make such claim, and on the trial testified that appellant had agreed to pay 50 per cent., plus $500. It would not be necessary to constitute a controversy or dispute, or an unliquidated claim that appellant should then and there have disputed such contention by appellees. He had expressed a willingness to an increase to 50 per cent., and, if he disputed the validity of appellees' claim, or its effect, as he now does, that would constitute the necessary controversy. But, when appellee Taylor referred to his willingness to accept less than his version of what the contract calls for, appellant cannnot be silent as to that, receive payment on that basis, and afterwards assert that there was no controversy, and therefore no accord and satisfaction.

We do not know upon what theory the circuit court acted in rendering judgment for defendant, but we think it was fully justified in doing so for the reasons we have here indicated.

We do not think it is necessary to treat each assignment of error separately, as they are dependent upon the principles which we have stated.

The evidence to which objection was made, as recited in the assignments, was competent to show that appellees were making a bona fide claim in excess of that stipulated in the written contract, as a predicate for an effective accord and satisfaction.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.