SWEENEY *v.* ADAM GROTH CO.

1. CORPORATIONS—OFFICERS—APPARENT AUTHORITY—CONTRACTS.
    Officer in full charge of a corporation has, by reason thereof, apparent authority to execute contracts on its behalf which are binding upon it provided that no showing is made of an express limitation of those apparent powers.

2. SAME—OFFICERS—EVIDENCE OF APPARENT AUTHORITY.

In action of one claiming commissions from corporation for soliciting jobs for stone work construction, evidence *held,* sufficient to show that apparent authority of its officers dealing with plaintiff was broad enough to bind corporation to alleged contract for commissions.

3. APPEAL AND ERROR—PREJUDICIAL ERROR.

Since error, to be reversible, must be prejudicial, defendant's claim of improper admission of testimony as to item which was disallowed by jury need not be considered.

4. SAME—SPECIAL VERDICT—WAIVER OF ERROR.

In action by party claiming commissions for securing stone work construction jobs for defendant, in which 15 items were submitted to jury, alleged error in noncompliance with special verdict rule by instruction that each item was a separate and distinct case *held,* waived by defendant's consent to having jury make finding as to each item (Court Rule No. 37, § 7 [1933]).

5. DAMAGES—INTEREST.

Interest in the nature of damages for detention of money is allowable when by law it ought to have been paid as promised and was not so paid.

6. TRIAL—DISCRETION OF COURT—EXHIBITS—QUESTIONS REVIEWABLE.

Refusal of trial court to turn over to jury 200 exhibits submitted in course of trial lasting five days *held,* not an abuse of discretion vested in trial judge in view of fact that only 52 were submitted on appeal and no objection was made at time of trial.

7. COMPROMISE AND SETTLEMENT—CONTRACTS—PAYMENT OF UNDISPUTED CLAIM.

Where there are two contract claims dependent upon different facts, one of which is undisputed and the other disputed, payment of undisputed claim does not bar right to sue for and recover on disputed claim.

8. TRIAL—INSTRUCTIONS—CONTRACT CLAIM—QUESTION OF FACT.

In action for commissions for securing stone work construction jobs for defendant, instruction as to claim for job as to interior of a church, *held,* to have properly submitted to jury question of fact, as to whether parties contracted with reference thereto, as raised by pleadings and proofs.

9. APPEAL AND ERROR—FINDING OF JURY—EVIDENCE—CONTRACTS.

In action by one claiming commissions for securing stone work construction jobs for defendant, evidence *held,* sufficient to support finding of jury as to each item submitted to it.

10. SAME—VERDICT OF JURY—CONCLUSIVENESS.

Verdict of jury is conclusive where testimony is sufficient to carry the case to it unless there is error in submission.

Appeal from Ingham; Collingwood (Charles B.), J. Submitted October 5, 1934. (Docket No. 110, Calendar No. 38,056.) Decided December 10, 1934.

Assumpsit by Joseph W. Sweeney against Adam Groth Company, an Illinois corporation, for sums allegedly due under contract of employment. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Albert McClatchey, Payne & Payne,* and *Corie C. Coburn,* for plaintiff.

*Shields, Silsbee, Ballard & Jennings,* for defendant.

BUSHNELL, J. Plaintiff claims he was employed to solicit jobs for defendant, a foreign corporation, engaged in the business of contracting for the fabrication and erection of stone work in buildings under construction, for which defendant agreed to pay him certain commissions on each job so secured. He claims commissions and expenses due him amounting to about $18,000, consisting of 31 separate items. After receiving proofs, the court, on motion of defendant, eliminated 16 of these items because of insufficient testimony, and the jury returned an itemized verdict, finding nothing for plaintiff as to eight of them, and a total of $2,827.52 on the remainder, including interest from the date fixed in

plaintiff's bill of particulars. Motions *non obstante veredicto* and for a new trial were denied. Defendant alone appeals.

Plaintiff claims the only question in the case is whether or not defendant employed plaintiff, and if so, did he produce the business and did defendant breach its agreement? Appellant claims plaintiff failed to prove his case and that the judgment should be set aside because of some 29 errors on the part of the trial court, which are discussed under seven headings in the respective briefs.

It is claimed that the various officers of defendant corporation who dealt with the plaintiff had no authority to bind the defendant. Mr. Justice FEAD held in *Mead* v. *Detroit-Traverse Realty Co.,* 251 Mich. 478, that an officer in full charge of a corporation has, by reason thereof, apparent authority to execute contracts on its behalf and hence any contract executed by him on behalf of the corporation is binding on it, provided that no showing is made of an express limitation of those apparent powers. See, also, *Ceeder* v. *H. M. Loud & Sons Lumber Co.,* 86 Mich. 541 (24 Am. St. Rep. 134), and quotations from some of our authorities in *Long* v. *City of Monroe,* 265 Mich. 425, at pages 437 to 440. The testimony is sufficient to show that the apparent authority of the various corporate officers dealing with the plaintiff, was broad enough to bind the defendant to the contract plaintiff claims was thus created. We refrain from burdening this opinion with quotations from testimony and exhibits that permit no other conclusion.

Appellant claims that the *quantum meruit* testimony as to the rate of commission on the job designated as that of the Little Sisters of the Poor was improperly admitted. Error, to be reversible, must be prejudicial. *Detroit Free Press* v. *Miller,* 223

Mich. 333. The jury allowed nothing on this item. The error, therefore, if any, is not reversible and need not be considered.

Appellant says that there was noncompliance with special verdict rule (Court Rule·No. 37, § 7 [1933]), and contends it was error for the court to submit a list of the separate claims to the jury and to charge them that each was to be treated as a separate and distinct case. Defendant waived all claim of error as to this when during a discussion as to the renewal of certain motions at the close of the proofs the following conversation took place:

"*Mr. Jennings:* I wish to make that motion. I wish to urge that doesn't give us the protection due us on the various matters that have come in. Of course, the jury in its verdict can return nothing or any amount it may see fit under the proofs.

"*The Court:* But they must return for each particular item the amount they find.

"*Mr. Jennings:* If they are instructed to do that, that would protect us.

"*The Court:* Yes, I will charge that in each case, it is practically a separate case and they must make a finding on each particular case."

Was it error to instruct the jury that, if they found for plaintiff, they should include interest at five per cent. from the date plaintiff claimed his commission became due, as set out in the bill of particulars?

"It is a general rule here that a failure to pay money promised when by law it ought to be paid authorizes the allowance of interest in the nature of damages for the improper detention of the sum so promised." *McCreery* v. *Green,* 38 Mich. 172, 185.

When the jury found certain commissions earned on certain jobs, it followed as a matter of law that

interest should be added from the due date of the commissions.

The calendar entries show that five days were consumed in submitting proofs to the jury and the record contains some of the many exhibits. The court denied the jury's request to be permitted to take the exhibits into the jury room. Appellant admits that this is a matter of discretion but argues that the denial of the request is an abuse of discretion. We have held that it is not an abuse of discretion to refuse to permit the jury to take into its room a map, *Edgerton* v. *Lynch,* 255 Mich. 456; inventories, invoices and letters, *Silverstone* v. *London Assurance Corp.,* 187 Mich. 333; and a receipt, *Canning* v. *Harlan,* 50 Mich. 320. In the last-mentioned case Mr. Justice COOLEY said:

"As to this we have only to say that there is no law requiring it. It was discretionary with the court to grant the request or refuse it."

The court did not abuse its discretion when it said:

"It would seem to this court absolute folly to pass over to you 200 exhibits that have been here before the court and read to you and ask you to sort them out in the solution of this case."

We are aided in this conclusion by the fact that the parties themselves indicate a similar view by submitting to us only 52 of the 200 exhibits. Further, no objection was made in the court below.

Plaintiff indorsed and received the cash upon a check marked, "Bal. in full com. St. Pauls Church Salem $250." Plaintiff testified there were two Salem jobs, exterior and interior, and that this was payment of his commission on the exterior job only. Defendant's witnesses testified that there was but one commission on the entire job and that the pay-

ment was intended as an accord and satisfaction of the whole. The trial court ruled, as a matter of law, that there were two separate transactions as to the Salem job, and that the only question of fact was whether or not the parties contracted with reference to the interior job. The situation thus presented falls within the rule that where there are two claims dependent upon different facts, one of which is undisputed and the other disputed, the payment of the undisputed claim does not bar the right to sue for and recover on the disputed claim. *Keene* v. *Gauen* (C. C. A.), 22 Fed. (2d) 723. See, also, *Brent* v. *Whittington,* 214 Ala. 613 (108 South. 567); *Shumaker* v. *Lucerne-In-Maine Community Ass'n,* 275 Mass. 201 (175 N. E. 469), and annotations in 34 A. L. R. 1035–1059, 75 A. L. R. 905–927. The pleadings and the proofs raised a question of fact which was properly submitted to the jury. The language of the charge as to this item may be criticized but it does not justify the argument that the court "instructed the jury that there was not even a question of fact involved."

Appellant says the verdict is contrary to the weight of the evidence and points out claimed discrepancies between the oral testimony and the written exhibits. It might perhaps be a source of some satisfaction to the parties if we were to discuss at length the testimony as to each particular item included in the verdict, but we would reach the same conclusion as that found by the jury.

The testimony supports the findings. Where there is sufficient testimony to carry the case to the jury, its verdict is conclusive unless there was error in its submission. *Barnes* v. *First National Bank of St. Ignace,* 256 Mich. 600. We find no reversible error. Plaintiff claimed in excess of $18,000; the trial court

eliminated much of the claim and the jury reduced the remainder to a little over $2,000.

The judgment is affirmed, with costs to appellee.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.