166 So. 776

**SPENCER v. BLEY BROS.**

**2 Div. 56.**

Supreme Court of Alabama.

March 26, 1936.

Geo. Pegram, of Linden, for appellant.

McKinley & McDaniel, of Linden, for appellees.

BOULDIN, Justice.

Counts 1 and 2 of the complaint read:

"1. The plaintiffs claim of the defendants $1,000.00, due by promissory note made by the said Spencer & Powers (a partnership composed of W. M. Spencer and A. L. Powers) and A. L. Powers on to-wit: November 20, 1930, and payable to the said Bley Bros. (a partnership composed of Isidore Bley and George Bley) on December 15, 1930, with interest thereon from its date.

"2. The plaintiffs claim of the defendants $220.48, due by promissory note made by the said Spencer & Powers (a partnership composed of W. M. Spencer and A. L. Powers) and A. L. Powers on to-wit: April 25, 1931, and payable to the said Bley Bros. (a partnership composed of Isidore Bley and George Bley) on May 1, 1931, with interest from Jan. 1, 1931."

Count 3 claimed attorney's fees stipulated in the notes.

Defendant Powers having died pending the suit, the cause proceeded against defendant Spencer.

Pleas a and b were sworn pleas setting up accord and satisfaction pending the suit. The trial court sustained demurrers thereto. This ruling is urged as reversible error. Plea b, the more complete in one aspect, appears in the report of the case.

Among the grounds of demurrer assigned is failure to aver a "bona fide" dispute as to the liability of Spencer on these notes. He had, theretofore, filed sworn pleas of non est factum, on which the cause was later tried.

While a bona fide dispute as to liability on an alleged note for the payment of money, or the amount due, must appear in evidence, as a consideration for accord and satisfaction, no written release being given, it is not necessary to aver in the plea that the dispute was bona fide. Ex parte Southern Cotton Oil Co., 207 Ala. 704, 93 So. 662, Headnote 2.

The plea very clearly discloses the effort of one member of plaintiff firm to apply firm property or assets to the satisfaction pro tanto of his individual debt. This he is without authority to do without the consent of the other partner. Having no implied authority to thus convert partnership funds, the other party, being charged with notice of such lack of authority, has the burden to aver and prove the assent of the other partner. These principles are so well settled as to need no elaboration. Cannon v. Lindsey, 85 Ala. 198, 3 So. 676, 7 Am.St.Rep. 38; Hurt v. Clarke, 56 Ala. 19, 28 Am.Rep. 751; Bank of Luverne v. Alabama Bank & Trust Co., 217 Ala. 635, 117 So. 219.

Plea b, it will be observed, avers the agreement was made by Isidore Bley, one of the partners, "acting for and on behalf of the plaintiffs and being thereunto duly authorized." The plaintiffs were "Bley Bros.," the firm. Construing the pleadings most strongly against the pleader, this averment means that by virtue of his authority as a member of the firm, or at most, by express authority from the firm, he was making such settlement. The firm, as such, could not confer such authority. The authority must come from the other member, as an individual. His name is not mentioned in terms nor by designation. In our opinion, the allegation is too general, in the nature of a conclusion of law, which does not meet the requirement of good pleading in a case like this, when challenged by demurrer specifically pointing out such defects.

We are further of the opinion that this plea does not disclose such execution of the alleged accord as to operate as satisfaction or extinction of the debt. Code, §§ 5640, 5641, 5642; J. H. Arnold & Co. v. Gibson, 216 Ala. 314, 113 So. 25.

These sections have been declared a codification of the rule theretofore recognized. They may be said at the same time to enact into statutory law a brief statement of the law on the subject. Wilson v. Monette et al., 224 Ala. 106, 139 So. 264.

What constitutes a completed accord and satisfaction must have regard to the subject-matter in hand. Here, the plea alleges an agreement to offset one claim against the other, resulting in a reduction of the debt due defendant to a stated amount, whereupon the notes sued on, as well as an account held by plaintiff, should be satisfied and the suit dismissed. The plea discloses nothing done by plaintiffs, no surrender of the notes, no squaring of the account, no receipt, no dismissal of the suit.

■ True, the creditor may accept a promise to perform some act in the future as a present consideration. Smith v. Elrod, 122 Ala. 269, 24 So. 994.

■ But where the negotiations contemplate a present performance, such as surrender of evidences of debt, etc., the matter is in negotiation until performed. If the one party accepts the consideration from the other as per the accord, then satisfaction becomes complete. Code, § 5642.

The consideration from defendant here was the reduction of the amount due on a note held by him to a stated amount. The plea avers it was so reduced. Assuming this is sufficient to show a credit was actually entered, or other matter operating to reduce the amount purporting to be due on the paper itself to the new amount, there is no averment that such reduction was ever made known to or accepted by the plaintiffs.

We think it proper, in this connection, to call attention to Circuit Court Rule 14, requiring all agreements relating to proceedings in any cause to be in writing. This rule is for the protection of the courts, the forwarding of the administration of justice, by avoiding controversies arising over alleged parol agreements. An agreement to dismiss a suit has been held within this rule. Hendley v. Chabert et al., 189 Ala. 258, 65 So. 993. A completed accord and satisfaction, evidenced by the surrender of the notes sued on, we may concede, would not be under the ban of this rule.

The issue of fact on the pleas of non est factum went to the question whether Spencer was a partner with Powers, or held himself out as such, and thus became bound on the notes given by Powers in the name of Spencer & Powers. It appears in evidence that Powers, now deceased, for many years was a tenant on the lands of Spencer, raising crops, dairying, and running a retail store; that he ran an account with plaintiffs, wholesalers, in the name of Spencer & Powers; that Spencer knew of such account, and frequently came into plaintiffs' store and examined the account; that a banking account was run in the firm name, Spencer being one of the bank directors, on the loan committee, and fully familiar with the account; the loans were made by the bank from time to time on notes, signed by Powers in the firm name, and indorsed by Spencer. This bank account was properly admitted in evidence. This line of evidence fully warranted an inference that a partnership in fact existed between Spencer and Powers, or that Spencer so held himself out as a partner that he became bound on the notes sued upon.

There was no evidence of an express partnership agreement. It appears Powers ran the business, bought the goods, did the checking on the bank. It appears mail came to the store in the firm name, but it does not appear whether locally the store was run in Powers' name or in the name of Spencer & Powers.

In contradiction of the line of testimony above outlined, defendant offered the witness, W. M. Rosser. Two lines of testimony were sought from Mr. Rosser.

■ First, the contractual arrangements between Spencer and Powers touching this business. This was a proper subject of inquiry. The questions propounded to Mr. Rosser were directed first to the witness's knowledge on the subject, and, second, to what such arrangements were as affecting the existence of a partnership. The court sustained plaintiffs' objections to all these questions. This was error.

■ The second line of testimony sought from Mr. Rosser went to his knowledge of interviews between Mr. Spencer and plaintiff firm prior to the execution of these notes. It was sought to prove Mr. Spencer informed plaintiffs that he was not a member of the firm and not liable for debts made by Powers in the store busi-

78

ness. It seems the court, proceeding to interrogate the witness as to the dates of such interviews, and witness not being able to give dates without reference to documents to refresh his memory, sustained objections to all such testimony.

The running inquiry covers several pages of the record.

It was the right of the defendant to have witness refresh his memory when asked to do so from a document then shown him in court. Moreover, without knowledge of exact dates, it was the right of defendant to draw out the memory of the witness as to whether such interviews were prior to the execution of these notes.

Some questions may have been objectionable as leading, but these were after appropriate questions calling on witness to state what was said, etc.

There was error in rejecting this line of testimony.

Other questions, such as giving the affirmative charge for plaintiffs on the evidence admitted, need not be considered.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.