39 So.2d 675

**CLARK v. HARTFORD FIRE INS. CO.**

**8 Div. 487.**

Supreme Court of Alabama.
March 24, 1949.

Marion F. Lusk, of Guntersville, for appellant.

F. W. Davies and Davies & Williams, all of Birmingham, for appellee.

**SIMPSON, Justice.**

The plaintiff has appealed from a judgment of nonsuit, assigning for error the adverse rulings of the court sustaining demurrer to Count 2, as amended, and to Count 3 of the complaint.

Count 2, as amended, was on an account stated, which in effect, setting out the quo modo or basis of the action (We have disapproved this method of pleading. Ingalls Steel Products Co. v. Foster & Creighton Co., 226 Ala. 122[4], 145 So. 464), claimed on an alleged agreement of an adjustor appointed by the defendant company "to look after the adjustment of the claim" under a policy purportedly held by the plaintiff whereby the adjustor agreed to settle the claim for $2500. The said agreement is based on certain letters set out in the count written by the company and the adjustor, indicating a claim of some kind by the plaintiff, and a policy (we must assume a fire insurance policy) identified and described only by its number, a fire on a certain date, the appointment of the adjustor to look after adjusting the claim, an adjustment by him for $2500, the execution by the plaintiff of the proof of loss for said amount, and the adjustor's statement that the check would be mailed to the plaintiff from the defendant's divisional office.

Count 3 was ex contractu, based on the same correspondence and allegation that the $2500 was due and unpaid.

The several letters, as material, will be reported with the case.

Having thus set out the facts, they must show a right of recovery and, under the recognized rule, construing them most strongly against the pleader, we must hold the complaint lacking in the requisite allegations and subject to several of the grounds of demurrer.

It will be observed that the character or terms of the policy are not indicated nor are they material, since the action is not on the policy but on a subsequent, new, and different agreement to pay a sum of money. It is rested on an alleged promise to pay a loss claimed under a policy after the loss has occurred, and to be actionable must be supported by a new consideration. Great American Ins. Co. v. Dover, 219 Ala. 530, 532(2), 122 So. 658(2), 659.

This Dover case illustrates the principle. As applied to the replication in that case where the insurer defended on the ground of plaintiff's breach of a warranty and the replication set forth a promise of the insurer to pay notwithstanding the alleged breach, Justice Sayre, writing for the court, pointed out:

" * * * It will be noted the replication alleges a promise to pay, made after the loss * * * it was not the promise made by the policy of insurance alleged in the complaint, and, of course, did not answer the intervening plea in the absence of

a new consideration. * * * In view of defendant's objection—demurrer—it was necessary to allege * * * that the promise was supported by a new consideration—that is, a consideration other than * * * the original premium paid or promised for the policy. * * *"

The same rule was declared in Life & Casualty Ins. Co. v. Powell, 235 Ala. 537, 540, 180 So. 559, 561, where in a suit to recover for double indemnity after loss under an alleged promise not within the coverage of the policy, this court, speaking through Justice Knight, said:

"Without regard to other possible defects * * * it is but an effort to set up a modification of the contract of insurance, in fact, the creation of a new contract, based upon no new consideration whatever."

As applied to accounts stated and the requisite consideration to support an action thereon, the case of Ivy Coal & Coke Co. v. Long, 139 Ala. 535, 540, 36 So. 722, 724, thus exemplifies the principle:

"A promise, express or implied, is the basis of every cause of action enforceable in assumpsit; and every promise, to amount to a cause of action, must be supported by a valuable consideration. An account stated involves a promise, express or implied, to pay a real indebtedness agreed upon as due. The consideration which places such promise on the plane of a contract is the agreement of one party, for the agreement of the other, that a certain amount, and that only, is due on the matters embraced in the settlement, wherefrom the law raises a new obligation on the part of the one against whom the balance stands to pay that balance. In the absence of any original pecuniary obligation, there can be nothing to settle or to merge into an accounting, and hence a promise to pay a claim not founded on such obligation, though it purport to be made as upon an account stated, is not conclusive, and may be shown to be without consideration. Christian v. Niagara Fire Insurance Company, 101 Ala. 634, 14 So. 374; Rice v. Schloss, 90 Ala. 416, 7 So. 802."

■ It is clear the two counts must be construed as coming within the ban of the rule of these cases. The facts averred fail to show any new consideration to support the claim. At most, the allegations only show a claim presented by the plaintiff to the defendant for a purported fire loss under a numbered policy, under which there might or might not have been a liability, the request by the designated adjustor (whose authority is not shown) for the plaintiff to execute a proof of loss or claim for submission to the company, which the adjustor said would be paid. It does not appear that there was any liability of the company nor any bona fide dispute as to any liability nor that there was any real indebtedness due the plaintiff by the company. So without considering other possible defects, we are certain the grounds of demurrer pertinent to the question were properly sustained.

■ On like principle must it be held that there was no binding accord and satisfaction on which to rest a recovery. Barber v. Martin, 240 Ala. 656, 200 So. 787; Spencer v. Bley Bros., 232 Ala. 74, 166 So. 776; Wilson v. Monette, 224 Ala. 106, 139 So. 264.

■ The principle of waiver or estoppel is likewise without application because "estoppel is protective only * * * It is not a weapon of offense or aggression. To create a primary right to recover for loss or damage to property insured against loss or damage all the elements of a binding contract are essential." Union Marine & General Ins. Co., Limited, v. Holmes, 249 Ala. 294, 298, 31 So.2d 303, 306; Simpson Scales Co. v. British General Ins. Co., post p. 337, 40 So.2d 409.

Affirmed.

BROWN, LAWSON, and STAKELY, JJ., concur.