## BOHANNAN v. CHAPMAN.

1. An action of detinue for a slave, is not barred by the statute of limitations of six years, unless the adverse possessor, has been within this State six entire years, so that he could have been sued in the courts of this State.

2. Admissions of an agent, to be binding on the principal, must be made at the time of doing some act in the execution of his authority, in respect to the property, with which he is entrusted as agent.

Writ of Error to the Circuit Court of Montgomery. Before the Hon. G. D. Shortridge.

THE defendant in error, as the administrator of Mrs. Clough, brought detinue against the plaintiff for a slave.

The defendant below pleaded the general issue, and the statute of limitations of six years.

To this plea of the statute of limitations, the plaintiff replied, that there was no person within the State of Alabama, against whom this action could have been sustained for the recovery of said slave, from the time the cause of action accrued, until within six years next preceding the bringing of this suit; but that one Randal Mallet, who took said slave from the possession of the plaintiff's intestate, removed with said slave to Mississippi, where he continued to reside until his death; and that in January, 1839, within the period of six years next preceding the bringing of this suit, the said slave was brought into the State of Alabama, and sold to the husband of the defendant about the year 1840. That Young F. Bohannan, the husband of the defendant, in January, 1843, removed to the republic of Texas, and that said Young F. Bohannan remained out of the State until his death in June, 1843, and in December, 1843, said slave was again brought into this State, and so the plaintiff saith that no one who could be sued for this cause of action has been within the State, at any one time, or at several times together, for the period of six years, next before the commencement of this suit. To this plea there was a demurrer, which was overruled, and issue being joined, a verdict was rendered for the plaintiff.

In the course of the trial, a bill of exceptions was taken, which shows the following facts: The defendant answered interrogatories that had been filed, that her husband, Young F. Bohannan, bought said slave of Isaac N. Mallet, in the year 1840, and he held said slave as his own under said purchase, and that she received said slave from her husband's estate. The plaintiff then introduced a witness, Albert J. Mallet, who stated, that Isaac N. Mallet, who died in the year 1844, stated to the witness, whilst he was in possession of the slave, claiming him as his own, that he, Isaac N. Mallet, was with Randal Mallet when he took the boy off to Mississippi, in consequence of some agreement with Mrs. Clough, the plaintiff's intestate. That Randal Mallet stated, that Mrs. Clough was not at home at the time, but left a note, stating that he could take the boy under certain circum-

stances. That he never saw the note, and does not know its contents. The witness farther stated, that Isaac N. Mallet brought the negro back to Alabama, with some other negroes, (which he informed the witness belonged to the estate of Randal Mallet,) for the purpose of selling them, as the agent of Baker Mallet, the administrator of Randal Mallet, deceased. ˙ To·these declarations of Isaac N. Mallet, the defendant objected, but the objection was overruled.

In reference to the plea of the statute of limitations, the court charged the jury, that the time during which there was no person in the State subject to be sued, should be deducted from the time that had elapsed from the accruing of the cause of action, and the commencement of this suit ; and after deducting such time, if six years had not elapsed, from the time of the accruing of the cause of action, until the commencement of this suit, then the statute would not bar the suit ; to which the defendant excepted.

The defendant requested the court to charge the jury, that if they believed that Mrs. Clough died in December, 1836, and that no person administered on her estate, until the 7th day of September, 1844, the statute of limitations is a bar to this action ; which the court refused.

The defendant further requested the court to charge the jury, that if they believed that the negro was taken from the possession of Mrs. Mallet, with her consent, then it was necessary to prove a demand before this˙suit could be brought; which was refused, and the court charged, that the levying of the writ was a sufficient demand ; to which the defendant excepted. These matters are assigned as error.

SAFFOLD, for the plaintiff in error, made the following points :

When the statute begins to run, the death of neither party impedes its operation. Grice v. Jones, 1 Stew. 254; Johnson v. Wren, 3 Id. 180; 1 Johns. Rep. 165; Angel on Lim. 57; Wenham v. M. Ins. Co. 13 Wend. 269; Hansford v. Elliott, 9 Leigh, 100; Ruff, adm'r, v. Bull, 7 H. & J. 14.

The exception of the statute being in avoidance of the common law, must be strictly pursued. An. on Lim. 215.

As to the admission of the testimony of the declarations of

Bohannan v. Chapman.

the agent, he cited Bliss v. Winston, 1 Ala. 347; Oden v. Stubblefield, 4 Id. 42; Dickerson v. Hodges, 1 Porter, 100; Betts v. Huntsville Bank, 3 Stew. 22; McBride and wife v. Thompson, 8 Ala. 650; Abney v. Kingsland, 10 Id. 359; 2 Philips's Ev. 585; 1 Greenl. Ev. 126, § 110.

CROMMELIN & SEMPLE, contra.

To reverse this case, the plaintiff in error relies, viz: 1. On the statute of limitations. 2. That no special demand was made before commencement of suit. 3. That the statements of Isaac N. Mallet, while in possession of the slave, and claiming him as his own, were permitted to be introduced as evidence. But the positions of the plaintiff in error cannot be sustained.

1. The person in possession of the slave was the proper one against whom the action should be instituted. 1 Chit. Plead. 122.

2. Randal Mallet, who took the slave from Mrs. Clough, (the intestate of plaintiff below,) was passing out of the State, when he took the slave; and he remained out of the State, with the slave in his possession, until the death of Mrs. Clough. During this time the statute of limitations did not begin to run. Clay's Dig. 327, § 84.

3. The circumstance alone of there being no administration granted for the whole period provided as a bar, is not sufficient to bar the plaintiff of his right. Fishwick v. Sewell, 4 Harris & Johns. 428; Haslett v. Glenn, 7 Id. 17, 24.

4. If the statute commenced running when the slave was taken from the possession of Mrs. Clough by Randal Mallet, it could not be effectual. There was no person within this State subject to be sued during the whole period provided as a bar, or for such period, composed of different portions of time. Smith's Adm'r v. The Heirs of Bond, 8 Ala. R. 386.

5. The statements of Isaac N. Mallet being in possession and claiming the property as his own, were admissible as evidence to explain his possession. Oden v. Stubblefield, 4 Ala. R. 40; Garey v. Terrell, 9 Id. 206.

6. No special demand was necessary before commencement of suit. Vaughn v. Wood, 5 Ala. Rep. 304; Bell v. Pharr & Beck, 7 Ala. R. 807.

DARGAN, J.—The action of detinue is barred if not commenced within six years from the time the cause of action accrues. But the statute provides, "that if the person is, or shall be out of this state at the time the cause of action shall accrue, or during any time during which suit could be brought on the cause of action, then the person entitled to sue, shall be entitled to bring suit against such person, after his return into the State ; and the time of such person's absence, shall not be taken as a part of the time limited by the act.

It is evident the design of the act was, to allow the party entitled to sue, six years, within which time he must commence suit, and if he did not, he should be forever barred. But the six years are given here, within which he may sue in the courts of this state, and if we were to hold, that the statute is a bar for this debt, but would not be for her vendor, we should violate the evident intent of the act, for by such a construction, one month may not have elapsed, during which the plaintiff could have brought suit in the courts of this state ; yet the statute would be a bar to his right to recover. The statute, when applied to property, real or personal, operates directly on the title, and when the bar is perfect, the adverse possessor has an indefeasible right. See 11 Wheat. 361; 7 J. J. M. 194; 5 S. & R. 236; Hill's S. C. Rep. 299. Consequently, the vendee of such an adverse possessor, would have a perfect title. But the vendee acquires no better title under the statute of limitations, than his vendor had, nor can his title be protected by the statute, further than the same title would be in the hands of his vendor. The plaintiff in error can therefore defend herself under the plea of the statute of limitations, no farther than her vendor could, had he retained the adverse possession, and the suit had been against him. The court properly overruled the demurrer.

The bill of exceptions presents the following facts. The plaintiff introduced a witness, Albert J. Mallet, who stated that Isaac N. Mallet, while in possession of the slaves in dispute, as his own, told the witness, that he was with Randal Mallet, when he took the boy in dispute off to Mississippi, in consequence of some agreement with Mrs. Clough, the plaintiff's intestate, that Mrs. Clough was not at home at the time,

but left a note, that Randal Mallet could take the negro under certain circumstance's. The witness never saw the note, nor does he know its contents. He further stated, that I. N. Mallet brought the negro in dispute back to Alabama with other negroes, which I. N. Mallet informed him belonged to Baker Mallet, the administrator of Randal Mallet, and he had brought them as the agent of Baker Mallet to sell.

It appears also, that the slave in dispute was afterwards sold by Isaac N. Mallet, to the husband of the defendant, and that Isaac N. Mallet is now dead. The plaintiff in error contends, that the admission of these declarations of I. N. Mallet was erroneous.

The admissions of a party in possession are evidence of the character of that possession, and in the absence of other proof to contradict them, the property will be considered as held in the manner indicated by those admissions. But in order to make those admissions binding, they must be made by the party whose interest is to be affected by them, or by some one authorized to make them. See 2 C. & H's Notes to Phil. Ev. 558, note 452, and Greenl. Ev. 198, § 114.

Isaac N. Mallet admitted that he was the agent of Baker Mallet, for the purpose of selling the slaves, and whilst he had them in possession, the admissions above stated were made. Being then the agent of another, in respect to the property, the admissions do not affect his rights, for he has no right to be affected—and consequently they are inadmissible unless they form a part of the *res gestae.* To become a part of the *res gestae,* the declarations, or admissions, made by the agent, must be made at the time of doing some act in the execution of his authority, in respect to the property, that will bind his principal. See Greenl. Ev. § 113; Story on Ag. § 134-5-6-7.

The admissions of Isaac N. Mallet, which were allowed to go to the jury, were not made at the time of executing his authority, nor in connection with any act in reference to the property, and therefore are not admissible as part of the *res gestae.* If indeed he was not the agent of the administrator of Randal Mallet, at the time they were made—that is, if his agency had ceased, and he then held the slave as his own

property, a different rule of law would apply—but we cannot infer from the bill of exceptions, although we must construe it most strongly against the plaintiff in error, as he is the party excepting, that the character of the possession of I. N. Mallet, at the time of making the admissions, had been changed from an agency to actual ownership. The bill of exceptions states he was in possession of the property as his own, but at that time he admitted he had received the slave as an agent of Baker Mallet, and there is no proof to show how the slave ever became his. We are therefore constrained to look on the evidence as the admissions of an agent, and. as such, are inadmissible. Let the judgment be reversed and the cause remanded.