CUNNINGHAM'S EX'R, *vs.* COCHRAN & ESTILL.

1. The declarations of the president of a Bank are not admissible to charge the Bank with a liability, merely on the ground that he is president; but to render such declarations admissible, they should, as those of any other agent, be made at the time of doing some act required of him by his office, or in the execution and within the scope of an authority delegated to him.

2. When the evidence objected to is clearly pointed out, and is illegal on its face, it is not necessary that the party objecting should specify the grounds of his objection, but in such case a general objection will be sufficient.

ERROR to the Circuit Court of Talladega. Tried before the Hon. John J. Woodward.

THIS was an action of assumpsit, commenced by the defendants in error against Hugh M. Cunningham in his life-time, and revived after his death against the plaintiff in error as his executor, to recover certain fees which they claimed to be due them for professional services, as attornies, by the Western Bank of Georgia at Rome, and which they alleged the testator of the plaintiff in error, in consideration of the transfer to him by Estill, one of the firm of Cochran & Estill, of a judgment, obtained against John H. Thomas, in the name of said Estill, and in which both Cochran & Estill and said Bank were interested, had assumed to pay.

The opinion of the court will be understood without a further statement.

WHITE & PARSONS, for the plaintiff in error.

RICE & MORGAN, for the defendants.

DARGAN, C. J.—Upon the trial of this cause, the plaintiffs read to the jury the deposition of Christopher Haynes. The defendant objected to a portion of his answer to the second interrogatory, but his objection was overruled. The part objected to is in the following language: "All I know about

the fees of the plaintiffs is, that, about January 1841, William Smith, the president of said Bank, told me that he had a settlement with the plaintiffs, for their services as attornies for said Bank, and was to pay them twenty-four hundred dollars, or about that amount." The object of introducing this testimony was to prove that the Western Bank of Georgia at Rome was indebted to the plaintiffs for professional services rendered as attornies, and the question is whether that portion of the deposition of the witness was admissible for that purpose. We know of no rule of law that will justify the admissions, or declarations, of the president of a Bank as evidence to charge the Bank with a liability, merely on the ground that he is president. If in the discharge of a duty required of him by his office, or if he be an agent of the Bank to do any particular act, and in the performance of such duty, or act, he makes an admission, which is part of the *res gestæ*, such admission, being part of the act itself, is admissible evidence against the Bank, as would be the admissions of any other agent made under the same circumstances, or within the scope of his authority. The admissions of an agent, to bind his principal, must be made at the time of doing some act in the execution of his authority.— Bohannon v. Chapman, 13 Ala. 641; Greenl. Ev., § 113; Story on Agency, §§ 134, 135.

2. But it is contended that a general objection to the evidence is insufficient, and that the party should have gone farther and pointed out the grounds of the objection to the evidence. The correct rule of practice is this: when the evidence is not illegal upon its face, but it requires some fact to be brought to the notice of the court to show its illegality, then the party objecting to the evidence must state the grounds of his objection, that the court may judge of its legality. Thus, if the entire deposition of a witness is objected to, without stating the grounds of the objection, the court may overrule the objection.—Wallis v. Rhea & Ross, 10 Ala. 451 ; Donnell v. Jones, 13 ib. 49. So, too, if an objection is made to an entire interrogatory, or to an answer thereto, the court is not bound to examine the interrogatory, or the answer, to see if there be any just ground of exception or not.—Milton v. Rowland, 7 Ala. 732. But when the portion of the evidence objected to is *clearly pointed out*, and its illegality is apparent on its face, then the objection must be

allowed. Indeed, the very reason why the court may disregard objections to evidence, when the particular grounds of the objection are not stated, is, that the court would have to cast about, or look for the grounds upon which the objection was made. But when the evidence objected to is clearly designated, and on its face it is illegal, without inquiry into any fact aside from the evidence itself, the objection cannot be disregarded, merely because no specific ground of objection is stated. In the case of Davis v. The State, 17 Ala. 415, we held that when evidence was *prima facie* illegal, it is not necessary that the party objecting to it should specify the grounds of his objection, but that a general objection was sufficient. With this decision I am entirely satisfied, for in such cases the objection itself brings to the view of the court the illegality of the testimony, and all that can be required of a party objecting to testimony is clearly to show the testimony objected to and that it is illegal. The latter is sufficiently shown, if the evidence itself is *prima facie* inadmissible.

But it is again contended that the portion of the answer objected to was offered in evidence in connection with a letter, written by the defendant's intestate, which was admissible evidence, and that the objection was joint to the letter, as well as to that portion of the deposition of the witness, and, therefore, the court did not err in admitting both, as the court was not bound to separate the legal from the illegal testimony, when the objection extended to both. It is sufficient to say, that we do not so understand the bill of exceptions. We see that a letter, written by the intestate, was offered in evidence, to which objections were made, and it is also stated that it was offered in connection with the deposition of the witness, but we cannot infer from the bill of exceptions, that but one objection was made, and that such objection was made to the letter and the illegal portion of the deposition jointly. We think the inference from the bill of exceptions fairly is, that objections were made separately, both to the letter and objectionable part of the deposition of the witness.

As the cause must be reversed, we do not think it necessary to examine the other questions raised by the assignments of error, for we think it clear that the plaintiffs can establish their debt against the Bank upon another trial by legal

evidence, and the defendant then will have an opportunity to ask such charges as the evidence will warrant.

Let the judgment be reversed and the cause remanded.

CHILTON, J., not sitting.