194 So. 653

## ATLANTA LIFE INS. CO. v. BOLDEN.

### 8 Div. 39.

Supreme Court of Alabama.

March 14, 1940.

E. W. Godbey, of Decatur, for appellant.

S. A. Lynne, of Decatur, for appellee.

BROWN, Justice.

Action of assumpsit by the beneficiary on a policy of life insurance against the insurer to recover the face amount of the policy with interest averred to be "due" thereon. The complaint follows, substantially, Form 12, prescribed by Section 9531 of the Code, and the demurrer thereto was overruled without error. American Nat. Ins. Co. v. Moss, 215 Ala. 542, 112 So. 110.

The defense asserted by the special pleas is that the insured forfeited the protection afforded by the policy by the failure to pay the premiums due after September 16, 1935, in consequence of which the policy lapsed and the extended insurance expired before his death on October 4,

1936. The defendant's evidence tended to support this defense, while that offered by the plaintiff tended to show that the premiums were paid up until April, 1936, which carried the extended protection beyond said death.

The premiums were payable weekly on each Monday, and it was stipulated in the face of the policy that the face amount thereof would be paid "upon receipt of proofs of the death of the insured made in the manner, to the extent, and upon the blanks required herein, and upon surrender of this policy and the *premium receipt book*." [Italics supplied.]

And under the heading "Conditions" it was stipulated: "1. Each premium is payable at the Home Office of the Company, but may be paid elsewhere to a duly authorized agent of the Company who shall at the time of payment enter same in the receipt book belonging with this policy. If for any reason the agent should not call for the premium when due, it shall be the duty of the policy-holder to bring or send said premium to the Home Office or to the Company's authorized agent and in the event of the failure to perform this duty within four weeks from the date upon which said premium was due, this policy shall thereupon become void and all premiums paid hereon shall be forfeited to the Company except as herein provided."

The evidence tends to show that through a course of dealing the collecting agent of the defendant company went from house to house in collecting the weekly premiums and kept a record thereof as to each policy in one of said receipt books, an exact duplicate of that furnished to the policy-holder, and there was evidence going to show that by agreement between said collecting agent and the beneficiary, who was the mother of the insured, the "policy receipt book" was left at "Hez Thompson's barber shop" in Decatur where some of the premiums were paid and entered on the "policy receipt book." This book was not produced with the proof of death nor at the trial.

The defendant's collecting agent, who had authority to collect premiums on life policies, take applications for new policies, and report the payments and non-payments of premiums on existing policies, testified, as a witness for defendant, in substance, that she was in charge of the territory where the premiums on the policy in question were payable; that she collected the premiums on the policy up to and including the 16th of September, 1935; that she kept a receipt book for each policy, a facsimile of the policy receipt book in which she entered the premium paid at the time of such payment and that the entries in the receipt book which she kept against the policy in suit were correct, showing the last payment was made and entered September 16, 1935. The defendant offered such receipt book as evidence, in connection with the witness's testimony; the court sustained the plaintiff's objection thereto. In this the court erred. Fields v. First Nat. Bank of Haleyville, 216 Ala. 381, 113 So. 298; Loveman, Joseph & Loeb v. McQueen, 203 Ala. 280, 82 So. 530; Code 1923, § 7701, Subsection 2; H. H. Hitt Lumber Co. v. McCormack, 13 Ala. App. 453, 68 So. 696.

The court erred in permitting the plaintiff and her husband, Hill Bolden, to testify that Alberta Brawley, defendant's collecting agent admitted or stated in response to their inquiry six months after the death of Sam Bolden, the insured, and after proof of his death had been forwarded to the defendant; that she received the last premium, alleged to have been paid in April, 1936. This declaration or admission was not shown to be of the res gestae of an act of said agent while acting within the scope of her employment or agency in respect to the risk evidenced by the policy in suit. The declarations of agents or officers of a corporation are not evidenced against the principal, unless made within the scope of their authority and while in the discharge of the duties in the particular transactions of which they constitute the res gestae. Union Naval Stores Co. v. Pugh et al., 156 Ala. 369, 47 So. 48.

We have examined the other questions but find nothing that requires special treatment. Such questions may not arise on another trial.

For the errors noted the judgment is reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.