196 So. 885

### MATHEWS v. STROUD et al.

#### 4 Div. 131.

Supreme Court of Alabama.

May 9, 1940.

Rehearing Denied June 27, 1940.

Cope & Cope and Andrews & Andrews, all of Union Springs, for appellees.

Miles S. Hall and Norman T. Spann, both of Montgomery, and Moseley & McIlwain, of Union Springs, for appellant.

FOSTER, Justice.

The bill in this case is filed by the surviving children of Charlie C. Stroud, deceased, who left no widow.

The demurrer is to paragraph 2 of the bill, and it was overruled, and respondent appeals and assigns the decree as error.

In paragraph 2 an attack is made upon the right of decedent to name appellant as the beneficiary in a fraternal life insurance policy, and it is controlled in this respect by section 8445, Code, as amended by the Gen. Acts of 1931, page 72, § 4, so that the beneficiary in such a policy is not confined to those named in its provisions as it appears in the Code, but "any * * * member may direct any benefit to be paid to such person or persons, entity, or interest as may be permitted by the laws of the society; provided, that no beneficiary

shall have or obtain any vested interest in the said benefit until the same has become due and payable in conformity with the provisions of the contract of membership, and the member shall have full right to change his beneficiary, or beneficiaries, in accordance with the laws, rules, and regulations of the society."

Section 8445, Code, before it was amended, restricted the right of a member in naming his beneficiary; so that he must belong to one of the classes there designated. As amended, the statute does not confine the beneficiary to any class of persons, but permits the member to name any person permitted by the laws of the society to be such.

The laws of the society make no restriction to any class of persons, but only provide that the benefits shall be paid to the person named as beneficiary, which shall be one of certain named classes of persons related to the member, "and such other beneficiaries as may be permitted by the laws of the State." Section 8445, supra, as amended, is the only statute on that subject. It now opens the door to the society to limit the classes of persons who may be beneficiaries, but itself does not prescribe a rule. There is therefore no statutory law which makes a specific limitation. So that the only State law is that applicable to life insurance generally. The law of this State on that subject makes any one eligible to be the beneficiary of a policy procured by the assured who names him as beneficiary, and there need be no insurable interest under such circumstances. Henderson v. First National Bank, 229 Ala. 658, 159 So. 212; Metcalf v. Montgomery, 229 Ala. 156 (9), 155 So. 582; 12 Alabama Digest pages 326, 327, Insurance, § 114.

The by-laws also provide that if the beneficiary designated in the certificate of insurance be unauthorized by law to receive the benefits, and no new designation has been made, the benefits shall be paid to the surviving children when there is no surviving wife.

These complainants sue by virtue of such feature of the by-laws, both in the aspect of the bill under attack and also in that aspect which charges appellant with fraud and undue influence in procuring her designation. No question is here raised as to the right of complainants under the by-law in question to make the contest, nor in any respect on the aspect which charges fraud and undue influence.

We think the demurrer which is only addressed to that feature of the bill contained in the second paragraph should have been sustained, and a decree will be entered accordingly.

Reversed, rendered and remanded.

GARDNER, C. J., and THOMAS and BOULDIN, JJ., concur.