49 So.2d 298

**MUTUAL SAV. LIFE INS. CO: v. HALL.**

**8 Div. 549.**

Supreme Court of Alabama.

Oct. 12, 1950.

Rehearing Denied Dec. 14, 1950.

W. A. Barnett, of Florence, and S. A. Lynne, of Decatur, for appellant.

Potts & Young, of Florence, for appellee.

SIMPSON, Justice.

The plaintiff, Mrs. Hall, sued the defendant insurance company on a policy of insurance, insuring the life of Andrew Myrick. It is alleged that the policy was issued January 22, 1945; that the insured died as the result of an accident December 12, 1947; and that said policy is the property of the plaintiff, she being named as the sole beneficiary therein. She claimed, and recovered, under the double indemnity feature of the policy.

The pleas on which issue was joined were lapse of the policy for nonpayment of premiums and *non est factum*. While the greater part of the evidence related to the issue of payment of premiums, and the greater number of assignments of error arise out of rulings on evidence on this issue, we are met at the threshold with the question presented by the plea of *non est factum*, solution of which, we think, disposes of the appeal.

Plaintiff undertook to establish the contract of insurance by secondary evidence, first laying the predicate of loss of the original policy. In doing so she introduced a previously issued policy upon the life of Myrick, which admittedly had lapsed, and undertook by evidence *aliunde* to show that the suit policy, bearing a number assigned to it by defendant, was the same as to terms, conditions and provisions as the previously issued policy so introduced. In substance the evidence showed that Myrick, the insured, came to his death by accidental means, and thereafter plaintiff found among his papers a policy upon his life, naming the plaintiff as beneficiary, and bearing date of issue August 2, 1943 (the previously issued policy above mentioned). Also among his papers were several receipt cards tending to evidence payment of weekly premiums upon a policy of another number (the policy sued upon).

Plaintiff's witness Young testified that after the law firm of which he was a member had been employed by plaintiff in connection with her claim upon said policy, witness contacted one Cooper who, he testified, was a district manager or general agent of the defendant, and talked with Cooper concerning the matter. Over repeated objections interposed by defendant, this witness was permitted to testify that Cooper stated to the witness "that the only difference between policy '811' and policy '427' was the number was different and the date was different; *he stated that Mrs. Lessie Hall was the beneficiary in both policies.* That was sometime in April, 1948, when I was in his office." (Italics supplied.) The same, or substantially the same, statements were several times testified to by this witness on this examination. Defendant's objections were upon the apt ground that the statements attributed to Cooper related to past transactions with which he had had nothing to do, about which he had no knowledge, and concerning which he was without authority to bind the company.

The evidence is without dispute that the defendant did issue to Andrew Myrick a policy of life insurance dated January 22, 1945, and that this policy was, as to terms and conditions, the same as the policy previously issued and offered in evidence by the plaintiff. But defendant's evidence

tended to show that the beneficiary named in the later policy was Mattie Lee Gamble, "as mother" of the insured. Defendant offered in evidence the original application for this policy, signed "Andrew Myrick," and designating "Mattie Lee Gamble, mother" as the proposed beneficiary. The number assigned to this application and the number on the policy in suit are the same. Mr. Cooper, defendant's field supervisor or district manager, testified as a witness for the defendant. He denied having made the statement attributed to him by Mr. Young that "Mrs. Lessie Hall was the beneficiary in both policies." He testified that he had nothing whatever to do with the making or issuing of policies, that this was done in the home office of the company and, in effect, that he had no personal knowledge of the transaction with respect to the application for and issuance of the policy involved. His authority was not otherwise shown to extend beyond that of general supervision of agents in his district, in the matter of soliciting applications and collecting premiums.

■ In the absence of evidence on the part of anyone purporting to have seen the original policy, or evidence otherwise tending to establish the name of the beneficiary actually appearing on the policy, the statement or declaration attributed by the witness Young to the agent Cooper vitally touched the main issue in the case. In our judgment the admission of such evidence was reversible error. " * * * To be admissible against the principal, the declarations of an agent must be within the scope of the authority conferred upon the agent and made while in the exercise of his authority. Where the declarations of an agent are merely narrative of a past transaction, they are hearsay and not competent against the principal. * * * 'The admissions of an agent, to bind his principal, must be made at the time of doing some act in the execution of his authority.'" Bank of Phoenix City v. Taylor, 196 Ala. 665, 667, 72 So. 264, 265. See, also, Atlanta Life Ins. Co. v. Bolden, 239 Ala. 231, 194 So. 653; Wade v. Brisker, 233 Ala. 585, 173 So. 64. Cooper's pur-

ported statement was not made at the time of doing an act in the exercise of his authority; it was made, if so, at a time long after the transaction to which it related. The statement was therefore hearsay and inadmissible.

True, plaintiff offered evidence showing her relationship to the insured; that she, as his aunt, had taken him into her home and care when he was a small child, where he remained until the time of his death; that Mattie Lee Gamble, the person named, as beneficiary on the application for the suit policy, as the mother of insured was not the insured's mother but his aunt, and that there was no reason why insured should have made her his beneficiary and that Mrs. Gamble had never heard that he had done so. But such evidence, while affording an inference that the designation of Mrs. Gamble as beneficiary on insured's application was the result of a mistake, falls far short of establishing the fact that Mrs. Hall, the plaintiff, was the beneficiary named in the lost policy. It is to be borne in mind that this is not a suit upon a contract to insure, or a proceeding to reform a contract according to the agreement and intentions of the parties; it is a suit upon a certain executed contract of insurance, undertaken to be established by secondary evidence.

In view of our conclusion with respect to the primary issue in the case, we deem it unnecessary to treat those assignments of error relating to the secondary issue of lapse *vel non*. Without committing ourselves upon that issue, we observe that the evidence adduced and relied upon by the plaintiff on this issue leaves much to be desired in conclusive, probative force.

For the error indicated, the judgment is reversed and the cause is remanded.

Reversed and remanded.

BROWN, LIVINGSTON, and LAWSON, JJ., concur.

On Rehearing

SIMPSON, Justice.

On application for rehearing appellee insists that we were in error in our conclu-

sion that appellant's agent Cooper occupied no such position of authority with the appellant as to constitute him its alter ego and to render his purported statement as to the terms of a policy contract binding upon his principal. Appellee calls our attention to phases of the evidence tending to show that Mr. Cooper did have such authority. With this contention we cannot agree. We took careful account of all the evidence on original consideration, and have re-examined it in the light of the application for rehearing.

While it may be conceded, for the sake of the argument, that Mr. Cooper was possessed of more authority than ordinarily attaches to a district insurance agent, it is clear to us that he was not vested with authority to bind appellant by a statement as of fact that a given policy contract named a certain person as beneficiary thereof, when he had nothing to do with the actual matter of formulating the policy and, so far as appears, had at no time had such policy under his control for any purpose. It is clear to us that any statement made by Cooper arose out of preliminary negotiations on the part of appellee's attorney with the company and its agents for collection of the proceeds of the policy. It is clear that in the beginning of the negotiations both parties proceeded on the theory that the policy first issued was the only policy issued on the life of Myrick. It was subsequent to the company's denial of liability on said policy, on the ground that it had lapsed for nonpayment of premiums, that appellee discovered that a second policy had been issued to Myrick. A communication from appellant's vice-president states that he was unaware of the "rewriting" of the policy until receipt of appellee's later communication to him. He referred the matter to the district agent, or manager, Cooper, but, as we interpret the matter, the referral was for the matter of a check of Cooper's records with respect to the status of payments of premiums. This we think is clearly borne out by subsequent negotiations and pleadings in the case. Appellee filed interrogatories to appellant's general officers, and in an-

swer thereto appellant's officers produced, as an exhibit, a copy of the policy in suit, showing Mattie Lee Gamble as beneficiary. Answers to appellee's interrogatories were not, however, introduced in evidence. Further, appellee filed a replication to appellant's pleas, predicated upon an estoppel on the part of appellant, because of denial of liability, to question the right of appellee as beneficiary. Demurrer to this replication was sustained by the trial court and, of course, is not before us, there being no cross-assignment taking the point. This situation is mentioned as throwing light upon the issues and evidence upon which the case was tried.

In its final analysis the record and evidence before us disclose an effort on the part of appellee to establish a contract by parol, aided by waiver or estoppel. In the face of appellant's pleadings and evidence to the effect that the policy in suit named Mrs. Gamble as beneficiary, the contrary statement attributed to Cooper that in both the old and the new policies Mrs. Hall was named as beneficiary could have had no other purpose or effect than that of a waiver or estoppel.

■ It has been often and consistently held that waiver or estoppel cannot create a primary liability, and that to create such a liability all of the elements of a binding contract must be present. Protective Life Ins. Co. v. Cole, 230 Ala. 450, 161 So. 818; Fidelity Phenix Fire Ins. Co. v. Raper, 242 Ala. 440, 6 So.2d 513; Clark v. Hartford Fire Ins. Co., 252 Ala. 84, 88(5), 39 So.2d 675; Simpson Sales Co. v. British General Ins. Co., 252 Ala. 337, 40 So.2d 409. The right of a beneficiary is a primary right, an essential feature of the original contract itself. Such a right cannot be established by waiver or estoppel, for, as here, there was an absence of all elements of a binding contract in the matter of the statement attributed to Cooper. To repeat, such statement, if made, was not in the nature of a waiver of some condition or right of forfeiture which, in some circumstances, a general agent may make with binding effect upon his principal. It was rather a statement, gratui-

tously made, as of fact with respect to a contractual status.

We are not convinced that we should depart from our original opinion and conclusion.

Opinion extended and application for rehearing overruled.

BROWN, LIVINGSTON, and LAWSON, JJ., concur.