This is an appeal by plaintiff Willie Mae Outling, acting pro se and though an "agent," Charles Walker, from a final judgment entered in favor of defendant Susie Mae Young in a case concerning entitlement to $20,000 in life insurance proceeds from a policy taken out by James Andrew Outling, plaintiff's deceased husband, with defendant Young as named beneficiary. We affirm. *Page 257 
In its judgment of July 8, 1980, the court made the following findings of fact and conclusions of law:
 The Plaintiff, who is alleged to be the widow of James Andrew Outling, claims of Guardian Life Insurance Company of America the proceeds of employee group life insurance benefits payable on the life of Mr. Outling as a result of his employment with the Birmingham-Jefferson Civic Center Authority. Mr. Outling died on or about November 15, 1979. These benefits in the amount of $20,000 have been interpleaded into court by Guardian Life and have been deposited at interest pending adjudication. Susie Mae Young was designated by Mr. Outling as beneficiary of his insurance benefits on the group insurance enrollment and record card of the company with the designation of "aunt." It is undisputed that Ms. Young was not an aunt of the deceased but was, instead, his girl friend.
 Because of the nature of the controversy, the Court appointed an Administrator Ad Litem to represent the interests of the estate of Mr. Outling.
 The Plaintiff (widow) contends that because she and her children are the natural objects of the bounty of the deceased and that Ms. Young was not a relative of the deceased, she, the widow, is entitled to the insurance proceeds and that the beneficiary designation of Ms. Young by Mr. Outling is illegal and ineffective. The Plaintiff contends that pursuant to the statutes of this State, she is entitled to the insurance proceeds as being the personal estate of Mr. Outling.
 Upon consideration of the matters presented, the Court finds that there is no genuine issue presented as to any material fact and that the movant, Susie Mae Young, is entitled to a judgment as a matter of law; and, further, that the claim of the Plaintiff, Willie Mae Green Outling, is due to be denied. Rule 56, Alabama Rules of Civil Procedure.
 The existence of group life insurance benefits payable on the life of James A. Outling as a deceased employee of the Birmingham-Jefferson Civic Center Authority due from Guardian Life in the amount of $20,000 is not disputed and is, in fact, conceded by all parties. It is further undisputed that Susie Mae Young was designated by Mr. Outling on the records of the Civic Center and Guardian Life as the beneficiary of such insurance. There has been no evidence presented to support any possible theory that the beneficiary designation by Mr. Outling was the product of fraud, incompetency or undue influence.
 The policy provisions of the insurance involved here do not restrict the person or class of persons who may be named as beneficiary nor do the statutes of this State require such restriction. Thus, the public policy contentions of the Plaintiff are not supported by the facts or the applicable law. Mathews v. Stroud, 239 Ala. 687, 196 So. 885.
 Furthermore, the description of Ms. Young as an "aunt" of the insured is immaterial. This misdescription is declared by statute to be a representation and not a warranty and has no effect on the claim of the Plaintiff or the entitlement of Ms. Young to receive the insurance proceeds. § 27-18-5, Code of Alabama 1975. Also, see 44 Am.Jur.2d Insurance, §§ 1728-1730.
In its final judgment on August 27, 1980, the court ascertained and awarded appropriate fees and expenses for the defendants' attorneys and the administrator ad litem to be paid out of the insurance proceeds, and taxed the costs of the action to plaintiff Outling. The court denied plaintiff's subsequent motions to release judgment, for rehearing, and to strike. Plaintiff appealed to this Court, contending that (1) the court erred in entering final judgment without notice to the plaintiff; (2) the court erred in holding that the insurance proceeds did not constitute the decedent's personal estate and, therefore, could not pass by intestate share to plaintiff and decedent's children; and (3) the court erred in holding that decedent rightfully named defendant Young as beneficiary and that there was no evidence of fraud. *Page 258 
Having considered the appellant's first contentions, we hold that there is no indication in the record of any lack of notice to plaintiff of the judgment or hearings or lack of an opportunity to be heard at the hearings, in memoranda or by motion. Plaintiff was given ample opportunity to be heard, and there is no showing of any procedural error on the part of the trial court which in any way prejudiced the rights of the plaintiff.
Turning to the appellant's second and third issues on appeal, we find no error in the court's granting summary judgment to the defendant. The defendant sustained the burden of proving that there is no genuine issue of material fact and that she is entitled to a judgment as a matter of law, Alabama Rules of Civil Procedure, Rule 56; Ray v. Midfield Park, 293 Ala. 609,308 So.2d 686 (1975).
Plaintiff labors under the misapprehension that because she was decedent's lawful wife and the insurance policy was the only asset of value that he possessed, she is entitled to the proceeds of that policy. However, it is undisputed that decedent named defendant as beneficiary. The terms of the policy did not limit the decedent in his choice of beneficiary. In the definitions section of the policy, a beneficiary is defined merely as "the person designated by [the insured employee] as his beneficiary on a form furnished by . . . the insurance company." There is no limitation of the insured's choice of beneficiary to his spouse or dependents. On its form, "Enrollment and Record Card," the company required the insured to name a beneficiary and the relationship of that beneficiary to the insured and provided as an example, "Mary A. Jones — Wife." Contrary to plaintiff's contentions, this example in no way limits the insured's choice of beneficiary or his ability to change the beneficiary without the consent of the prior-named beneficiary. The decedent was not legally prevented from making defendant Young his beneficiary under the policy, nor was the beneficiary required to have an insurable interest in the decedent's life, Rountree v. Frazee, 282 Ala. 142,209 So.2d 424 (1968); Mathews v. Stroud, 239 Ala. 687, 196 So. 885
(1940).
The plaintiff asserts that the decedent fraudulently named defendant Young as his "aunt" on the enrollment card. This misdescription does not act as a fraud by the decedent, nor has it any effect on the right of defendant Young to receive the proceeds. Such a description is a representation, not a warranty, § 27-18-5, Ala. Code of 1975. It is merely descriptive and, therefore, immaterial, as is the nature of the personal relationship existing between the decedent and the beneficiary. 44 Am.Jur.2d Insurance, § 1758 (1969); Mathews v.Stroud, supra, at 690, 196 So. 885.
As there is a named beneficiary, the insurance proceeds do not go to the decedent's estate and are not subject to Alabama's rules of intestate succession. We hold that the circuit court's judgment is correct and is to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.